LSG-2006R01326

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :   Hon.

        v.      :   Criminal No. 07-480

RONALD COHEN      :   18 U.S.C. § 1343

## INFORMATION

The defendant **RONALD COHEN**, having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges as follows:

1. At all times relevant to this Information, defendant **RONALD COHEN**, residing in Long Valley, New Jersey, provided accounting services, including tax preparation services, to numerous clients from an office located at 271 Route 46 West, in Fairfield, New Jersey. Prior to 1992, defendant **RONALD COHEN** was licensed as a Certified Public Accountant ("CPA") by the State of New Jersey and, as a result of this status, was permitted to represent himself as such to his then current clients and to the public-at-large in order to solicit new clients.

2. Pursuant to regulations promulgated by the Internal Revenue Service ("IRS"), Title 31, Code of Federal Regulations, Section 10.3(b), as a licensed CPA, defendant **RONALD COHEN** was authorized to appear before the IRS on behalf of clients relative to all federal tax matters.

3. In or about 1992, the State of New Jersey suspended defendant **RONALD COHEN'S** license as a CPA. In or about 1994 and 1995, the State of New Jersey permanently revoked **RONALD COHEN'S** CPA license. As a result, defendant **RONALD COHEN** was prohibited from holding himself out as a CPA and from representing clients in this capacity before the IRS.

4. Beginning in and around 1992 and continuing through in and around the end of 2006, defendant

**RONALD COHEN**

knowingly and willfully did devise and intend to devise a scheme and artifice, as described in paragraphs 5 through 8 below, to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### Object of the Scheme

5. It was the object of the scheme for defendant **RONALD COHEN** to obtain fees by falsely holding himself out as a CPA to clients, the public, and the IRS.

### Means and Methods of the Scheme

6. It was part of the scheme that, following revocation of his license, defendant **RONALD COHEN** falsely told his clients and prospective clients that he was a CPA.

7. It was a further part of the scheme that, following revocation of his license, defendant **RONALD COHEN** falsely

2

promoted and represented himself as a CPA in advertisements placed in "Yellow Pages" directories.

8. It was further part of the scheme that, following revocation of his license, in order to both deceive his clients and continue to represent them before the IRS, defendant **RONALD COHEN** submitted documents to the IRS which falsely represented that he was a CPA.

9. On or about March 27, 2003, in the District of New Jersey and elsewhere

**RONALD COHEN**

for the purpose of executing and attempting to execute the scheme and artifice described above, knowingly and willfully transmitted and caused to be transmitted by means of a wire communication in interstate commerce, writings, signs, signals, and sounds, that is, the transmission of an IRS Form 2848 (Power of Attorney) from his office in New Jersey to the IRS office in Austin, Texas, which falsely represented that defendant **RONALD COHEN** was a CPA and, thereby, authorized to represent clients, specifically "ES" and "JS," before the IRS.

In violation of Title 18, United States Code, Section 1343.

*Christopher J. Christie*
CHRISTOPHER CHRISTIE
United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

RONALD COHEN

INFORMATION

18 U.S.C. § 1343

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

LORRAINE S. GERSON
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY